STAYED / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** <u>Order Regarding Motion to Compel Arbitration [14]</u>

Defendant ADT LLC d/b/a ADT Security Services ("ADT") moves to compel arbitration of Plaintiff Jeriess Boulus' ("Boulus") Complaint ("Compl."). (Motion ("Mot."), Dkt. No. 14.) Boulus opposed the motion, (Opposition ("Opp'n"), Dkt. No. 15), and ADT responded, (Reply, Dkt. No. 16.)

For the following reasons, the Court **GRANTS** ADT's motion to compel arbitration and **STAYS** these proceedings pending the binding arbitration. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. Accordingly, the Court **VACATES** the December 11, 2023, hearing.

**I. BACKGROUND**

*A. Factual Background*

The following facts are taken from Boulus' Complaint. Boulus purchased a home security system from ADT, a specialty provider of electronic security monitoring devices, for his recently purchased property. (Compl. ¶¶ 9, 12.) The system included the installation of glass break door sensors. (Id. ¶ 12.) ADT represented to Boulus that the sensors would alert him if anyone entered the property through broken glass. (Id. ¶ 14.) Boulus entered into a residential services contract with ADT on November 28, 2022. (Id.) ADT installed the security system on December 13, 2022. (Id. ¶ 15.) After Boulus went on vacation in February 2023, he returned home to find a break-in had occurred. (Id. ¶ 19.) The security cameras revealed that two men entered his property by breaking a glass panel in the master bedroom door leading to the exterior of the property. (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

Boulus did not receive any notification about the break-in while he was away.  (Id.)  In the wake of the break-in, an ADT employee inspected Boulus' home and determined that regular door sensors, not the glass break ones, were installed on the bedroom door.  (Id. ¶ 22.)  The employee opined that if the correct sensors were installed, the security system would have activated when the glass was broken.  (Id.)  After attempts to resolve the matter without litigation failed, Boulus filed this case in the Superior Court for the State of California on September 15, 2023, alleging eight causes of action, including violations of California's Consumers Legal Remedies Act and a claim of unfair competition.  (See generally Compl.)  ADT removed the case to federal court on November 1, 2023, (Dkt. No. 1), and filed the present motion on November 8, 2023.  (Dkt. No. 14.)

  *B.*  *Arbitration Agreements*

  The ADT residential services contract that Boulus signed on November 28, 2022, contains the following arbitration clause:

> ADT AND I AGREE THAT ANY AND ALL DISPUTES BETWEEN US SHALL BE GOVERNED BY THIS BINDING ARBITRATION AGREEMENT. Arbitration is a dispute-resolution process that does not involve a judge or jury. Instead, Disputes are decided by a neutral third-party arbitrator in a process that is less formal than court. As used herein, the term "Dispute" means any claim or controversy, including, but not limited to, initial claims, counterclaims, cross-claims and third-party claims, whether based in contract; tort; fraud; intentional acts; violation of any statute, code or regulation; or other legal theory. The term "Dispute" shall be given the broadest possible meaning and will apply to, without limitation, all claims and controversies arising from this Contract; sales activities; goods and services; advertisements, promotions and other statements; billing and collection practices; privacy; and any other dispute arising from my interaction or relationship with ADT. ADT agrees not to elect arbitration if I file a Dispute in a small claims court in my state of residency so long as the Dispute is individual and non-representative in nature and remains exclusively as such in small claims court. Pre-Arbitration Notice Requirement. Before initiating an arbitration or a small claims matter, ADT and I agree to first provide to the other a written "Notice of Dispute" that will contain: (a) a written description of the issue and the supporting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02070-JVS (ADSx)                               Date  December 7, 2023

Title     Jeriess Boulus v. ADT LLC et al

documents and information, and (b) a specific request for money or other relief. A Notice of Dispute to ADT should be sent to: Litigation Department, ADT Security Services, 1501 Yamato Dr., Boca Raton, FL 33431. ADT will mail a Notice of Dispute to my protected Premises address. ADT and I agree to make attempts to resolve the Dispute prior to commencing an arbitration or small claims action. If an agreement cannot be reached within forty-five (45) days of receipt of the Notice of Dispute, ADT or I may commence an arbitration proceeding or small claims action. Initiation of Arbitration Proceeding. If either party elects to arbitrate a Dispute, the Dispute shall be resolved by arbitration pursuant to this Arbitration Agreement and the then-current code of proceedings of the national arbitration organization to which the Dispute is referred. A party may refer a Dispute to either the American Arbitration Association ("AAA") or the Judicial Arbitration and Mediation Services ("JAMS"). If ADT elects arbitration and chooses one of the organizations to administer, I may object and automatically have the other organization administer the proceedings simply by notifying ADT of my objection in writing within 30 days of my receipt of ADT's initial selection. To obtain a copy of the procedures, or to file a Dispute, I may contact the organizations at the following: (1) AAA, 335 Madison Avenue, New York, NY 10017, www.adr.org, and (2) JAMS, 1920 Main Street, Suite 300, Los Angeles, CA 92614, www.jamsadr.com. IF EITHER PARTY ELECTS TO ARBITRATE A DISPUTE, ADT AND I WAIVE THE RIGHT TO A JURY TRIAL AND TO OTHERWISE LITIGATE THE DISPUTE IN COURT. BY AGREEING TO ARBITRATE, THE PARTIES MAY ALSO WAIVE OTHER RIGHTS THAT WOULD OTHERWISE BE AVAILABLE IN COURT. FURTHER, IF EITHER PARTY ELECTS TO ARBITRATE A DISPUTE, I WAIVE MY RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR TO PARTICIPATE AS A MEMBER OF ANY CLASS ACTION RELATING TO THE DISPUTE. This means that all Disputes selected for arbitration will be arbitrated on an individual basis, between ADT and me only, without exception. A Dispute cannot be joined or consolidated with any other claim or action. Arbitration Proceedings. Because my transaction(s) with ADT involves interstate commerce, this Arbitration Agreement and any Dispute arbitrated hereunder shall be governed by the Federal Arbitration Act ("FAA"). The JAMS or AAA code of procedures, as chosen, will govern the arbitration, but if there

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

is a conflict between the applicable code of procedures and this Arbitration Agreement, this Arbitration Agreement shall control to the fullest extent permitted by the FAA. Unless otherwise agreed to by the parties, the arbitration will be conducted by a single, neutral arbitrator at a location within the federal judicial district in which I reside. Upon my request, ADT will reimburse me for all filing and administrative fees required for initiating the arbitration. Otherwise, each party is responsible for its own respective costs and fees, including, but not limited to, attorney and expert fees. The arbitrator shall apply applicable substantive law and, upon the request of either party, issue a written explanation of the basis for the decision. Judgment on the arbitration award may be entered in any court having proper jurisdiction. EXCEPT AS FOLLOWS, THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. A party may appeal the arbitrator's initial award to a three-arbitrator panel administered by the same arbitration organization upon written notice within 30 days of the initial award. The arbitration organization will notify the other party of the appeal. The panel shall consider any aspect of the initial award objected to by the appealing party and issue a decision within 120 days of the date of the notice of appeal. The majority decision by the three-member panel shall be final and binding. Any dispute regarding the applicability, enforcement or interpretation of Paragraph 5 or this Paragraph 7, shall be resolved by a court having proper jurisdiction. This Arbitration Agreement will not prevent me from bringing a Dispute to the attention of any federal, state or local government agency. This Arbitration Agreement shall survive termination of this Contract.

(Compl., Ex. 1 § 7.) The Court will refer to this as the "Arbitration Clause."

In his opposition, Boulus advances three main arguments: (1) the Arbitration Clause is unconscionable; (2) the Arbitration Clause is unenforceable because it requires consumers to waive their right to seek public injunctive relief; and (3) the residential services contract contains "poison pill" language, which allows the Arbitration Clause to be severed from the contract due to its alleged invalidity. (Opp'n at 5.)

## II. LEGAL STANDARD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration. 9 U.S.C. §§ 3, 4. The FAA eliminates district court discretion and requires a court to compel arbitration of issues covered by the arbitration agreement. KPMG LLP v. Cocchi, 565 U.S. 18, 21 (2011) (citing Dean Witter Reynolds, Inc., v. Byrd, 470 U.S. 213, 218 (1985)). The FAA limits the district court's role to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the disputes at issue. Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1017 (9th Cir. 2016) (citing Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). If so, the court must compel arbitration. Id.

Applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2. Ticknor v. Choice Hotels Int'l., Inc., 265 F.3d 931, 937 (9th Cir. 2001) (internal citation omitted). However, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles. This rule applies even where the agreement's express terms delegate that determination to the arbitrator." Jackson v. Rent-A-Center, W., Inc., 581 F.3d 912, 918–19 (9th Cir. 2009), rev'd on other grounds, Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63 (2010).

A court may consider evidence beyond the complaint in ruling on a motion to compel. See Guadagno v. E*Trade Bank, 592 F. Supp. 2d 1263, 1266–69 (C.D. Cal. 2008) (examining declarations and exhibits in ruling on a motion to compel arbitration under the FAA). The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence standard. Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014). If the moving party carries this burden, the opposing party must prove any contrary facts by the same burden. Castillo v. CleanNet USA, Inc., 358 F. Supp. 3d 912, 2018 WL 6619986, at *10 (N.D. Cal. Dec. 18, 2018) (citing Bruni v. Didion, 160 Cal. App. 4th 1272, 1282 (2008) ("The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense.")).

**III. DISCUSSION**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02070-JVS (ADSx)                    Date  December 7, 2023

Title  Jeriess Boulus v. ADT LLC et al

    A.    *Clear Agreement to Arbitrate*

"The threshold issue in deciding a motion to compel arbitration is 'whether the parties agreed to arbitrate.'" Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1133 (C.D. Cal. 2011) (quoting Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 756 (9th Cir. 1988)). "In California, general principles of contract law determine whether the parties have entered a binding agreement to arbitrate." Serafin v. Balco Properties Ltd., LLC, 235 Cal. App. 4th 165, 173 (2015) (internal quotation marks and brackets omitted).

Neither party disputes that an agreement to arbitrate exists. (See generally Mot.; Opp'n.) Moreover, the Court finds that the Arbitration Clause covers the instant dispute. It applies to "any claim or controversy, including, but not limited to, initial claims, counterclaims, cross-claims and third-party claims, whether based in contract; tort; fraud; intentional acts; violation of any statute, code or regulation; or other legal theory." (Compl., Ex. 1 § 7.) Although broad, the Ninth Circuit has found similar language in arbitration clauses to be enforceable. See, e.g., Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1131 (9th Cir. 2000) (finding that a "broad and far reaching" arbitration clause covering "the construction, enforceability, or performance" of the agreement properly encompassed the dispute). Therefore, the Court finds the Arbitration Clause encompasses the dispute at issue in this case and turns next to the Clause's validity. See Boardman, 822 F.3d at 1017.

    B.    *Validity of the Arbitration Clause*

"[W]here a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles." Jackson, 581 F.3d at 918–19. Therefore, applicable contract defenses, such as fraud, duress, or unconscionability, as well as other defenses arising from case law, may be applied to invalidate arbitration agreements without contravening § 2 of the FAA. Ticknor, 265 F.3d at 937 (internal citation omitted); Blair v. Rent-A-Center., Inc., 928 F.3d 819, 827 (9th Cir. 2019).

In California, unconscionability has both a procedural and a substantive element. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 114 (2000). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

former focuses on "oppression" or "surprise" due to unequal bargaining power. Id. Substantive unconscionability, on the other hand, is present if the contract terms are "overly harsh" or "one-sided." Id. While both procedural and substantive unconscionability must be present for a contract to be held unenforceable, they need not be present in the same degree. Id. The more substantively oppressive the terms are, the less evidence of procedural unconscionability is required to find that the contract is unenforceable, and vice versa. Id. Whether a contract or provision is unconscionable is a question of law. Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 851 (2001).

      1.     Procedural Unconscionability

At least some degree of procedural unconscionability was present in the residential services contract between Boulus and ADT. Procedural unconscionability requires oppression or surprise. Pinnacle Museum Tower Ass'n. v. Pinnacle Mkt. Dev., LLC, 55 Cal. 4th 223, 246 (2012). "Oppression occurs where a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." Id. (internal quotations omitted).

Boulus argues that the Arbitration Clause is procedurally unconscionable because it is part of a contract of adhesion with "boiler plate language drafted solely by Defendant." (Opp'n at 9–10.) Furthermore, ADT offered the residential services contract on a "take-it-or-leave-it basis" and Boulus never had the opportunity to negotiation or opt-out of certain provisions. (Id. at 10.) Instead, he had to agree to the Arbitration Clause as a condition of his purchase of the security system. (Id.) Thus, "there was oppression" with the Arbitration Clause and the residential services contract is procedurally unconscionable. (Id.)

In response, ADT asserts that there is "nothing" in the residential services contract that is "outside of the reasonable expectations of consumers" in similar positions. (Reply at 3.) Moreover, Boulus never approached ADT with questions about the residential services contract, so he cannot now argue that it was offered on a "take-it-or-leave-it" basis. (See id.)

First, regarding surprise, Boulus admits that he reviewed the residential services contract and recognized it as a "standard form, which required [him] only to input [his]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

personal information." (Declaration of Jeriess Boulus ("Boulus Decl."), Dkt. No. 15-1, at 2.) Besides this admission, he makes no argument in his opposition that he was surprised by the Arbitration Clause. (See generally Opp'n.) This makes sense given the Arbitration Clause is far from hidden; instead, it is expressly described in a standalone section of the residential services contract, including "ARBITRATION" written in all caps and bold font. (Compl., Ex. 1 § 7.) And the first line of the section is in all caps and states, "ADT AND I AGREE THAT ANY AND ALL DISPUTES BETWEEN US SHALL BE GOVERNED BY THIS BINDING ARBITRATION AGREEMENT." (Id.) Thus, the Court finds that the Arbitration Clause is not procedurally unconscionable based on its placement.

Next, Boulus' oppression arguments primarily rests on the residential services contract being a contract of adhesion. Under California law, "[t]he term [contract of adhesion] signifies a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." Armendariz, 24 Cal.4th at 113. While California courts have found that "the adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability" in a range of circumstances, Sanchez v. Valencia Holding Co., LLC, 61 Cal.4th 899, 915 (2015), the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable, see id. at 914–15; see also Morris v. Redwood Empire Bancorp, 128 Cal. App. 4th 1305, 1320 (2005) ("Although adhesion contracts often are procedurally oppressive, this is not always the case."). Generally adhesion contracts are fully enforceable "unless certain other factors are present which, under established legal rules—legislative or judicial—operate to render it otherwise." Morris, 128 Cal. App. 4th at 1319 (quoting Perdue v. Crocker Nat'l. Bank, 38 Cal. 3d 913, 925 (1985)); see also Graham v. Scissor-Tail, Inc., 28 Cal. 3d 807, 817–18 (1981) (finding that ordinary contracts of adhesion are an indispensable fact of modern life and are generally enforced). "Oppression refers not only to an absence of power to negotiate the terms of a contract, but also to the absence of reasonable market alternatives." Morris, 128 Cal. App. 4th at 1320. "In many cases of adhesion contracts, the weaker party lacks not only the opportunity to bargain but also any realistic opportunity to look elsewhere for a more favorable contract; he must either adhere to the standardized agreement or forego the needed service." Id. (quoting Madden v. Kaiser Founds. Hosps., 17 Cal. 3d 699, 711 (1976)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-02070-JVS (ADSx)  Date  December 7, 2023

Title  Jeriess Boulus v. ADT LLC et al

Undercutting Boulus's procedural unconscionability argument is his failure to allege that he was unable to obtain security services from another source on different terms. See id.; George v. eBay, Inc., 71 Cal. App. 5th 620, 631 (2021) (finding that, although the plaintiff alleged there was an adhesive contract presented on a take-it-or-leave-it basis, more was needed to establish procedural unconscionability). The commercial nature of the residential services contract further undermines a finding of strong procedural unconscionability because Boulus was not facing the duress or stress associated with, for example, a patient seeking admittance to a hospital or a prospective employee refusing a job. See id.; Swain v. LaserAway Med. Grp., Inc., 57 Cal. App. 5th 59, 69 (2020) (finding procedural unconscionability when plaintiff was presented with an agreement "immediately" before a medical procedure).

That said, the Court agrees with Boulus that the residential services contract is adhesive in nature because ADT, the party of superior bargaining strength, drafted and imposed the residential services contract on Boulus. See Armendariz, 24 Cal.4th at 113. Although ADT contends Boulus never sought to negotiate the residential services contract, (Reply at 3), there is no requirement that consumers attempt to negotiate standardized contract provisions to find procedural unconscionability. Sanchez, 61 Cal.4th at 914. Given the adhesive nature of the residential services contract, Boulus has established at least some degree of procedural unconscionability. See id. at 915. Therefore, further review of the agreement's substantive terms to determine the presence of substantive unconscionability is required. See id.; Swain, 57 Cal. App. 5th at 71.

      2.      Substantive Unconscionability

The Arbitration Clause is not substantively unconscionable under California state law. "Substantive unconscionability addresses the fairness of the term in dispute." Szetela v. Discover Bank, 97 Cal. App. 4th 1094, 1100 (2002). Under California law, "[a] provision is substantively unconscionable if it involves contract terms that are so one-sided as to shock the conscience, or that impose harsh or oppressive terms." Parada v. Super. Ct., 176 Cal. App. 4th 1554, 1573 (2009).

Although the Court found the presence of procedural unconscionability in the residential services contract, it was not strong; thus, a high degree of substantive unconscionability is needed for the Court to conclude the Arbitration Clause was unconscionable. See Armendariz, 24 Cal.4th at 114.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

Boulus argues that the Arbitration Clause is substantively unconscionable because it requires him to waive his right to seek public injunctive relief. (Opp'n at 10.) Specifically, the Clause only gives him the right to seek relief in small claims court or arbitration on an individual basis. (Id.) This is a violation of the California Supreme Court's ruling in McGill v. Citibank, N.A., 2 Cal. 5th 945, 952 (2017), which prohibited any contractual provision that purports to waive the right to seek public injunctive relief in any forum under the California Consumers Legal Remedies Act ("CLRA") and CAL. BUS. & PROF. § 17200 ("UCL").[1] (Id.)

In response, ADT advances two arguments: (1) Boulus is not seeking public injunctive relief; and (2) even if he were, the Arbitration Clause does not offend McGill because "[n]othing in the Parties' Agreement purports to limit [Boulus'] remedies at arbitration." (Mot. at 8–9; Reply at 1–2, 4–5.)

As discussed at greater length below, the Court finds that the Arbitration Clause does not offend the California Supreme Court's ruling in McGill. Accordingly, the Arbitration Clause is not substantively unconscionable and is enforceable under California law.

C.  *Public Injunctive Relief*

Boulus contends that the Arbitration Clause is substantively unconscionable and in violation of California law because its bars him from seeking public injunctive relief. (Opp'n at 10–12.) As briefly mentioned above, ADT argues that Boulus' public injunctive relief arguments fail for two reasons: (1) Boulus is not seeking public injunctive relief; and (2) even if he was, the Arbitration Clause does not offend McGill because "[n]othing in the Parties' Agreement purports to limit [Boulus'] remedies at arbitration." (Mot. at 8–9; Reply at 1–2, 4–5.)

Starting with the latter, "public injunctive relief under the UCL, the CLRA, and the false advertising law is relief that has 'the primary purpose and effect of' prohibiting unlawful acts that threaten future injury to the general public." McGill, 2 Cal. 5th at 955

---

[1] Section 17200 delineates the activities considered to be unfair competition in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

(internal citation omitted). California law prohibits the waiver of the right to seek public injunctive relief in any forum, including arbitration. See id. at 963 ("[T]he FAA does not require enforcement of a provision in a predispute arbitration agreement that, in violation of generally applicable California contract law, waives the right to seek in any forum public injunctive relief under the UCL, the CLRA, or the false advertising law."); see also DiCarlo v. MoneyLion, Inc., 988 F.3d 1148, 1158 (9th Cir. 2021) (holding that an arbitration agreement permitting public injunctive relief does not violate McGill).

Boulus specifically identifies two portion of the Arbitration Clause that allegedly prohibit him from seeking public injunctive relief "in any forum" and render the Clause unenforceable. He first points to the except that states:

> FURTHER, IF EITHER PARTY ELECTS TO ARBITRATE A DISPUTE, I WAIVE MY RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR TO PARTICIPATE AS A MEMBER OF ANY CLASS ACTION RELATING TO THE DISPUTE. This means that all Disputes selected for arbitration will be arbitrated on an individual basis, between ADT and me only, without exception. A Dispute cannot be joined or consolidated with any other claim or action.

(Opp'n at 11-12.) He also contends that the portion stating that a consumer may only pursue a court action in small claims "so long as the Dispute is individual and non-representative in nature and remains exclusively as such in small claims court" bars him from seeking public injunctive relief. (Id. at 12.) These provisions, according to Boulus, mean that "[t]here is simply no venue by which public injunctive relief can be obtained," which makes the Clause unenforceable under McGill. (Id.)

In response, ADT asserts that the Arbitration Clause does not limit a consumer's right to seek public injunctive relief. (Reply at 5.) Instead, for remedies, the Clause states only that "[t]he arbitrator shall apply applicable substantive law and, upon the request of either party, issue a written explanation of the basis for the decision. Judgment on the arbitration award may be entered in any court having proper jurisdiction." (Id. at 4.) Thus, "[n]othing in the Parties' Agreement purports to limit [Boulus'] remedies at arbitration." (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

  The Ninth Circuit has held that an arbitration agreement that "prohibits the arbitrator from awarding 'relief that would affect [customers] other than you,' and eliminates any 'right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, mass, private attorney general, or representative action' . . . precludes the arbitrator from awarding public injunctive relief" and is unenforceable under McGill. Blair, 928 F.3d at 831.  The Arbitration Clause here does not limit the form of relief available to an arbitrator, which means an arbitrator may award relief that could affect individuals other than Boulus.  The lack of restriction is important because, as the California Supreme Court has explained, claims under the UCL and other consumer protection statutes may be asserted as individual claims seeking public injunctive relief. McGill, 2 Cal. 5th at 959.  Therefore, on its face, the Arbitration Clause appears to allow Boulus to obtain the relief sought in his Complaint.

  This interpretation is bolstered by ADT's concession that the Arbitration Clause does not limit the remedies available at arbitration.  (Reply at 4.)  Based on this representation and the plain language of the Arbitration Clause, the Court is satisfied that the Arbitration Clause allows Boulus to obtain the relief he seeks in arbitration.  See Maynez v. Walmart, Inc., 479 F. Supp. 3d 890, 900 (C.D. Cal. 2020) (finding that provision that limited arbitrator to "providing relief warranted by the individual claim" did not bar public injunctive relief and was valid under McGill); Dicarlo v. Moneylion, Inc., No. EDCV 19-1374, 2019 WL 8108731, at *3 (C.D. Cal. Dec. 20, 2019) (provision that preserved the plaintiff's right to obtain in arbitration "all remedies available in an individual lawsuit" did not bar public injunctive relief and was valid under McGill), aff'd, 988 F.3d 1148 (9th Cir. 2021); Gonzalez-Torres v. Zumper, Inc., No. 19-cv-02183, 2019 WL 6465283, at *8 (N.D. Cal. Dec. 2, 2019) (concluding that an arbitration agreement that empowered the arbitrator to "issue any and all remedies authorized by law" did not run afoul of McGill because "[a]lthough a plaintiff may not assert claims on behalf of a class in arbitration, the [a]greement does not prohibit plaintiff from being awarded public injunctive relief as a remedy for his individually-asserted claims in arbitration.").  Consequently, because the Arbitration Clause does not waive Boulus' right to seek public injunctive relief in any forum, it is valid and enforceable under California law.[2]

---

  [2]Because the Arbitration Clause is valid and does not bar Boulus from seeking public injunctive relief, the Court does not address the parties' arguments about whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-02070-JVS (ADSx) | Date | December 7, 2023 |
| Title | Jeriess Boulus v. ADT LLC et al | | |

  D.  *Severability of the Arbitration Clause*

  In connection with his argument that the Arbitration Clause is invalid, Boulus contends that the entire Clause should be severed from the residential services contract because of so called "poison pill" language in paragraph 28.[3] (Opp'n at 13.) This severability argument hinges on the Court finding the Arbitration Clause invalid. (See id.) Having previously found that the Arbitration Clause is valid and enforceable under California law, supra Section III.C, the Court finds that Boulus' severability argument is moot.

          **IV. CONCLUSION**

  For the foregoing reasons, the Court **GRANTS** ADT's Motion to Compel Arbitration. The Court also **ORDERS** Boulus to submit to arbitration pursuant to the terms of the Arbitration Clause, see 9 U.S.C. § 5, if he wishes to pursue his individual claims. The Court also **STAYS** the proceedings pending the binding arbitration. See 9 U.S.C. § 3.

  **IT IS SO ORDERED.**

---

Boulus in fact seeks a public injunction. See Maynez, 479 F. Supp. 3d at 900, n.7. Such a determination is for the arbitrator to consider.

 [3]The relevant portion of Paragraph 28 of the residential services contract states: "If a court determines that any provision of this Contract is invalid or unenforceable, that provision shall be deemed amended and enforced
to the maximum extent permitted by law. Each and every other provision of this Contract shall continue to be valid and enforceable."